# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOME FURNISHINGS STORE, LTD.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-698** |
| | * | |
| **STILES MACHINERY, INC., ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Currently pending before the Court is Plaintiff's Motion for Reconsideration (Rec. Doc. 35) of the Court's Order and Reasons of November 15, 2011 transferring this civil action to the United States District Court for the Western District of Michigan (Rec. Doc. 34). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

This contract and redhibition case arises out of the sale of a piece of furniture manufacturing equipment. Plaintiff Home Furnishings Stores, Inc., a Louisiana company, purchased the machine from Defendant Stiles Machinery, Inc., a Michigan company. The machine was manufactured by Defendant Brandt Kantentichnik GmbH, a German company. The Sales Agreement included a forum-selection clause dictating that "[a]ny action arising out of this contract may be brought only in a state or federal court sitting in the County of Kent, State of Michigan." (Rec. Doc. 20-2 at 2). Plaintiff filed suit in Civil District Court for the Parish of Orleans against Stiles and Brandt, who removed to this Court.

Stiles and Brandt filed motions to dismiss or to transfer this action to the United States District Court for the Western District of Michigan, relying largely on the forum-selection

1

clause. The Court found that the forum-selection clause was enforceable and that it was appropriate under the circumstances to transfer the entire case to federal court in Michigan. The case was transferred to the Western District of Michigan on November 15, 2011, as demonstrated by the receipt of transfer dated November 15 filed into the record in this case. (Rec. Doc. 36).

Plaintiff now seeks reconsideration of the Order and Reasons transferring the case. Plaintiff states that it intends to dismiss Defendant Brandt from the action pending in Michigan and file a second civil action in Louisiana against Brandt pursuing a redhibition claim. According to Plaintiff, this judicially inefficient outcome can be avoided if the Court reconsiders and reclaims the action for further proceedings in the Eastern District of Louisiana.

The Court lacks jurisdiction to reach the questionable merits of Plaintiff's motion. "Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court." *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002); *see also Santiago-Lugo v. Tapia*, 188 F. App'x 296, 297 (5th Cir. 2006); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1378 (J.P.M.L. 2003) ("From the moment that the files are physically transferred to the receiving court, the sending court loses all jurisdiction over the case."). On November 15, 2011, the case was transferred electronically to the Western District of Michigan; the transfer was completed essentially instantaneously without the need for physical transmittal of any files or materials.[1] (Rec. Doc. 36); *Home*

---

[1] Perhaps, as one commentator has observed, "the better practice" would be "to stay the effect of grants of transfer of venue routinely for a sufficient period to enable appellate review to be sought." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3846 (3d ed. 2007); *see also Harper v. Am. Airlines*, No. CV-08-S-2410-NE, 2009 WL 2524524, at *1 (N.D. Ala. June 12, 2009) ("The action was not immediately

*Furnishings Store, Ltd. v. Stiles Machinery, Inc.*, No. 1:11-cv-01215-RJJ (W.D. Mich. filed Nov. 15, 2011). Plaintiff filed its motion on November 22, 2011, one week after the case was sent to the Western District of Michigan. The transferee court now has jurisdiction over this civil action, and the Court has no doubt it can ably determine the law applicable to Defendant Brandt without the need for any duplicative litigation.

Accordingly, the motion for reconsideration is DENIED.

New Orleans, Louisiana, this 16th day of December, 2011.

                                                            */s/ Eldon E. Fallon*
                                                     UNITED STATES DISTRICT JUDGE

---

transferred to the Clerk for the Northern District of Texas because in April of 2003, this district adopted a policy of holding transfer papers in civil cases for ten days before transmitting a case to another district."). The question is academic because no stay was imposed here, either by operation of a Local Rule or otherwise.